**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**CYRIL WILKINSON and ANNA WILKINSON                              PLAINTIFFS**

**V.                                         CIVIL ACTION NO. 1:06CV456 LTS-RHW**

**JIMMY POULOS and
NATIONWIDE MUTUAL FIRE INSURANCE COMPANY                DEFENDANTS**

### MEMORANDUM OPINION

The Court has before it Plaintiffs Cyril and Anna Wilkinson's ( the Wilkinsons) motion to remand.  For the reasons set out below, this motion will be granted.

This is an action for property damage sustained in Hurricane Katrina.  Plaintiffs were insured under a homeowners insurance policy issued by Defendant Nationwide Mutual Fire Insurance Company (Nationwide).  Plaintiffs purchased this policy through Nationwide's local agent, Defendant Jimmy Poulos.  The Nationwide policy contains an exclusion for certain types of damage caused by water, as set out in the policy.

The state court complaint alleges that at the time the plaintiffs purchased their Nationwide policy, asking for "all the coverage they would need," Defendant Poulos, "told them they did not need 'flood.'" (Complaint Paragraph 4)  In reliance on this statement, the Wilkinsons allege, that they did not purchase flood insurance.  Based on this conversation, the plaintiffs have sued Poulos under alternative theories including the torts of intentional and negligent misrepresentation.

During Hurricane Katrina the Wilkinsons' property sustained substantial damage from the storm surge flooding that occurred during the storm.  Nationwide denied coverage for these losses on the grounds that they were excluded losses under the Nationwide homeowners policy.

Nationwide has removed this action on grounds of diversity of citizenship, alleging that the Wilkinsons have fraudulently joined Poulos in order to defeat diversity jurisdiction.  This is an issue on which Nationwide has the burden of proof.  *B., Inc., v. Miller Brewing Co.*, 663 F.2d 545 (5th Cir.1981). Nationwide's burden has been characterized as a heavy one because, in making the assessment whether joinder of a non-diverse defendant is fraudulent or legitimate, the district court must assume all the well-pleaded facts in the complaint to be true, must grant the plaintiffs all reasonable favorable inferences, and must resolve all doubtful issues of state law in favor of the party seeking remand. *Dodson v. Spiliada Maritime Corp.*, 951 F2d 40 (5th Cir.1992); *Hart v. Bayer Corp.*, 199 F.3d 239 (5th Cir.2000).

Under these guidelines, this court must determine whether there is any reasonable basis upon which the plaintiffs could prevail and establish a right of recovery against the non-diverse defendant. If there is such a basis, the case must be remanded for resolution in the court where the action was originally filed.

### Allegations of the Complaint

Plaintiffs have alleged that they asked Poulos to procure "all the coverage they would need." (Complaint Paragraph 4). Plaintiffs also allege that Poulos told them they did not need to purchase flood insurance. The Wilkinsons apparently never purchased flood coverage, and they allege that this omission was done in reliance on Poulos's statement that they did not need that coverage. The complaint does not specify the approximate date the conversation with Poulos took place. Nationwide contends that the conversation was some twenty years ago. Nationwide also asserts that each time the plaintiffs' policy was renewed, Nationwide sent a notice that damages attributable to floods was not a covered peril under the Nationwide homeowners policy.

### Standard of Care Applicable to Insurance Agents

Under applicable Mississippi law, an insurance agent or broker who undertakes to procure insurance for a customer is under a duty to the prospective purchaser to exercise reasonable care, and this includes the duty to procure the coverages requested. *McKinnon v. Batte*, 485 So.2d 295 (Miss.1986); *Lovett v. Bradford*, 676 So.2d 893 (Miss.1996); *First United Bank of Poplarville v. Reid*, 612 So.2d 1131 (Miss.1992). Thus, an insurance agent who undertakes to give his advice concerning the coverages an insured should purchase in circumstances where the advice is reasonably relied upon by the prospective insured may incur liability if the advice is the product of a failure on the part of the agent to exercise reasonable care.

### Negligent Misrepresentation Under Mississippi Law

Under applicable Mississippi law, in order to state a cause of action for negligent misrepresentation, the aggrieved party must prove, by a preponderance of the evidence:

1. That there was a misrepresentation (or omission) of a fact;
2. That the misrepresentation (or omission) was material or significant;
3. That the misrepresentation (or omission) was the product of negligence, i.e. that the person making the representation or omission failed to exercise reasonable care;
4. That the person to whom the representation (or omission) was made reasonably relied upon the representation (or omission); and
5. That the person to whom the representation (or omission) was made suffered damages as a direct and proximate result of that reasonable reliance.

*Berkline v. Bank of Mississippi*, 453 So.2d 699 (Miss.1984); *Spragins v. Sunburst Bank*, 605 So.2d 777 (Miss.1992).  These essential elements may fit one of the Wilkinsons' theories of recovery against Poulos.

Of course, the truth of the Wilkinsons' allegations; the circumstances in which the events in question transpired; the question of what coverages were discussed and what decisions on coverage were made; and the reasons for these decisions are all questions for the finder of fact to decide after consideration of the evidence supporting the claim and consideration of the evidence offered by the defense.  At this juncture, however, the Wilkinsons' allegations must be accepted as true; they must be granted all reasonable inferences in favor of their theory of recovery; and any doubtful issues of state law must be resolved in their favor.

Assuming that Nationwide is correct in its assertion that the only conversation between the plaintiffs and Poulos took place at the time the first Nationwide policy was purchased, in 1985, and assuming that Nationwide is also correct in its assertion that each renewal notice for the policy contained a notice that the policy excluded flood damages, there would be serious questions of state law raised as to both the statute of limitations and the issue of reasonable reliance.  However, under the plaintiffs' theory of negligent misrepresentation, the statute of limitations would not begin to run until they suffered damages or until, in the exercise of reasonable care, they could have discovered the negligence.  These are issue on which the defendants may ultimately prevail, but at this juncture, these are questions of state law on which the plaintiffs are entitled to the benefit of the doubt.  *Dodson v. Spiliada Maritime Corp.*, 951 F2d 40 (5th Cir.1992); *Hart v. Bayer Corp.*, 199 F.3d 239 (5th Cir.2000).

Without venturing any opinion on the merits of the Wilkinsons' claim, it appears to me that under the standards applicable to ascertaining whether a fraudulent joinder has occurred, Poulos and Nationwide have failed to establish that the Wilkinsons have no viable legal theory upon which they may proceed against Poulos under the Wilkinsons' version of events.

Accordingly, I will grant the motion to remand without prejudice to the right of the defendants to remove this case a second time in the event the case should become removable during subsequent state court proceedings.  The subsequent removal of this action would, of course, be subject to the one-year time limit for the removal of diversity cases under 28 U.S.C. §1446 and all other rules and decisions governing the right of removal.

An appropriate order will be entered.

Decided this 31st day of July, 2006.

                                                s/ *L. T. Senter, Jr.*
                                                L. T. Senter, Jr.
                                                Senior Judge