UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION


**CYRIL WILKINSON and ANNA WILKINSON**                             **PLAINTIFFS**


**V.**                                              **CIVIL ACTION NO. 1:06CV456 LTS-RHW**


**JIMMY POULOS and**
**NATIONWIDE MUTUAL FIRE INSURANCE COMPANY**            **DEFENDANTS**


### MEMORANDUM OPINION ON DEFENDANTS' MOTION FOR RECONSIDERATION

The Court has before it the motion of the defendants to reconsider the opinion and order entered on August 2, 2006, granting the plaintiffs' motion to remand.

Defendants' first contention is that the Court erred in the legal standard it applied in deciding the merits of the motion to remand. Defendants contend that because they submitted an affidavit in support of their opposition to the motion to remand the Court "is required to 'pierce the pleadings' and consider the defendants' evidence." (Defendants' Memorandum in Support of Motion for Reconsideration of Order Granting Plaintiffs' Remand Motion or, Alternatively, Request for Certification of Interlocutory Appeal, page 1)

Defendants' second contention is that the Court erred by not ruling, as a matter of law, that the plaintiffs' claims are time barred. (Defendants' Memorandum in Support of Motion for Reconsideration of Order Granting Plaintiffs' Remand Motion or, Alternatively, Request for Certification of Interlocutory Appeal, page 1)

Defendants' third contention is that the Court erred by not ruling, as a matter of law, that the plaintiffs' claim for negligent misrepresentation was invalid. (Defendants' Memorandum in Support of Motion for Reconsideration of Order Granting Plaintiffs' Remand Motion or, Alternatively, Request for Certification of Interlocutory Appeal, page 2)

Defendants' fourth contention is that the Court erred by failing to ascertain that this case is cognizable under the Court's federal question jurisdiction. 42 U.S.C. §1331. (Defendants' Memorandum in Support of Motion for Reconsideration of Order Granting Plaintiffs' Remand Motion or, Alternatively, Request for Certification of Interlocutory Appeal, page 2)

Defendants request that if the Court determines that these four contentions do not preclude remand that the Court vacate its order of remand and grant an interlocutory appeal. (Defendants' Memorandum in Support of Motion for Reconsideration of Order Granting Plaintiffs' Remand Motion or, Alternatively, Request for Certification of Interlocutory Appeal, page 14)

**The Applicable Legal Standard**

Defendants assert that in deciding the merits of a motion to remand in a case that has been removed on allegations of fraudulent joinder : "This Court Must Pierce the Pleadings in Determining Whether It Has Diversity Jurisdiction Over This Case."

The leading case in the Fifth Circuit concerning questions of removal and fraudulent joinder is Smallwood v. Ill. Cent. R.R. Co., 385 F.3d 568 (5th Cir.2004) (en banc).  This case established two alternative procedures for resolving a motion to remand in these circumstances, i.e. when the Court is deciding whether a plaintiff has a reasonable basis for recovery under state law in the context of removal based on allegations of fraudulent joinder:

> A court may resolve the issue in one of two ways.  The court may conduct a Rule 12(b)(6)-type analysis, looking at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant.  Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder. That said, there are cases, hopefully few in number, in which a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder.  In such cases, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry.  Smallwood v. Ill. Cent. R.R. Co., 385 F.3d at 573 (5th Cir.2004)

Both Defendant Jimmy Poulos (Poulos) and Plaintiff Anna Wilkinson (Wilkinson) have submitted affidavits in support of their separate versions of the facts that underlie the plaintiffs' claim against Poulos.  The affidavits present inconsistent facts.

Poulos' affidavit points out that the plaintiffs first purchased a Nationwide policy from Poulos in 1985, but acknowledges that this policy was renewed annually.  Poulos states what he "would have explained" to the plaintiffs concerning this policy, but he acknowledges having "no specific memory" of his conversations with the plaintiffs.

Wilkinson's affidavit indicates that she requested "all the coverage I would need on our house."  Wilkinson states that Poulos responded by advising her that she did not need flood coverage, and she states that she relied upon this representation in deciding not to purchase separate flood insurance.

Of course, beyond the facts set out in these opposing affidavits and in the pleadings, I do not know what the circumstances were at the time this policy was initially purchased or at the time of its annual renewal. I do not know whether Poulos made these representations, whether the representations were true, or when precisely the conversations in question occurred (whether only at the time the policy was purchased initially in 1985 or during one or more of the annual renewals of the policy). At this juncture, the truth of the allegations and the merits of the defense are not to be decided. The sole dispositive question now before me is whether there is any reasonable probability that the plaintiffs can establish a cause of action against Poulos for negligence or for negligent misrepresentation under the facts alleged in the pleadings as those facts have now been supplemented by affidavit.

In my opinion the allegations of the complaint are sufficient to withstand a motion to dismiss under Rule 12(b)(6), and the parties' affidavits are sufficient to create genuine issues of material fact which would preclude summary judgment in favor of Poulos under Rule 56.

### The Defense of Limitations

Since it is not clear in the record before me exactly when the conversations in question occurred, I have no basis for finding that the plaintiffs' claims against Poulos are time barred. Given that this policy was renewed annually, and given the statements in the opposing affidavits indicating that there were at least annual communications between the parties regarding the purchase of insurance coverage, I cannot say, as a matter of law, that the plaintiffs' claims against Poulos are time barred. Plaintiffs may ultimately prove that the representations in question were made or reiterated during the conversations concerning renewal of this policy. Poulos may ultimately prove that he never made the representations attributed to him by the plaintiffs. These are issues that must be decided on the merits of the case, not on a motion to remand. In the context of a motion to remand, it is the plaintiffs who must be given every benefit of the doubt as to the facts alleged and the governing law the Court must apply.

### No Reasonable Reliance

According to the allegations of the complaint and the affidavit of Wilkinson, Poulos specifically "advised that we did not need flood coverage." This is not exclusively a representation concerning the contents of the Nationwide policy or the scope of coverage afforded by that insurance policy. As I appreciate the allegations of the complaint, plaintiffs have at least alleged that Poulos was negligent in advising them that they need not purchase a flood policy, regardless of what he may or may not have told the plaintiffs concerning the coverage afforded by the Nationwide homeowners policy. Whether this statement was made and, if so, whether the plaintiffs' reliance on this statement was reasonable is a question of fact, and at this juncture, it is the plaintiffs who must be given the benefit of all doubtful issues of fact and law.

The defendants contend that it would be unreasonable as a matter of law for the plaintiffs to have relied on this representation or on any representations allegedly made by Poulos that were contradicted by the terms of the Nationwide policy.  That argument may well prove to be a sound defense to the merits of the plaintiffs' claims.  But at this point in this litigation, for purposes of deciding the only question before me, i.e. whether there is any reasonable probability that plaintiffs may establish a right of recovery against Poulos individually, plaintiffs are entitled to the benefit of the doubt on this issue.  Whether any conduct is reasonable depends on the context and circumstances in which the action takes place, and the development of the facts which will support or undermine the plaintiffs' claims of reasonable reliance is part of the litigation process.  Thus, this is not a determination I am free to resolve in the defendants' favor without running afoul of the liberal rules that I am required to follow in assessing the potential merits of a claim in the context of removal on grounds of fraudulent joinder.

### Federal Question Jurisdiction

Defendants' contention that this action implicates the National Flood Insurance Act and confers federal question jurisdiction under 42 U.S.C. §1331 lacks a factual foundation.  The plaintiffs have made no flood insurance claim, and claims related to the failure to procure flood insurance are outside the scope of the act.

Federal question jurisdiction would exist if the plaintiffs were claiming benefits under a flood insurance policy.  *Winkler v. State Farm Fire and Casualty Company*, 266 F.Supp.2d 509 (S.D.Miss.2003) The relevant cases draw a distinction between claims related to the handling and adjustment of claims, for which the federal courts have exclusive jurisdiction, and claims related to the procurement of flood coverage, which fall outside federal jurisdiction under the National Flood Insurance Act.  Compare *Winkler v. State Farm Fire and Casualty Company*, 266 F.Supp.2d 509 (S.D.Miss.2003) with *Landry v. State Farm Fire and Casualty Company,* 428 F.Supp.2d 531 (E.D.La.2006)  on Motion To Alter or Amend Order or, in the Alternative, To Vacate Remand Order, *Landry v. State Farm Fire and Casualty Company*, 2006 WL 1593318 (E.D.La.2006).  This distinction has not been eliminated by the decision in *Wright v. Allstate Ins. Co.*, 415 F.3d 384 (5th Cir. 2005).

### Certification for Interlocutory Appeal

I do not believe there are grounds for my certifying this action for interlocutory appeal.

### Conclusion

For the reasons set out herein, the defendants' motion for reconsideration will be denied.  An appropriate order will be entered.

**SO ORDERED** this 2nd day of November, 2006.

                                                                                  s/ *L. T. Senter, Jr.*
                                                                                   L. T. Senter, Jr.
                                                                                   Senior Judge